Robert HANLON, Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPA-
NY, a corporation, Defend-
ant-Respondent.

No. 33780.

St. Louis Court of Appeals,
Missouri.

Dec. 22, 1970.

———————•———————

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

James A. Hesse, Charles P. Lippert, St. Louis, for defendant-respondent.

CLEMENS, Commissioner.

Plaintiff truck driver got a $5,000 verdict and judgment for injuries suffered when he slipped and fell on wet cardboard lying on defendant's freight house floor. In due time the trial court granted defendant's after-trial motion for judgment in accordance with its prior motion for a directed verdict. The plaintiff appeals.

The defendant's liability hinges on the plaintiff's lack of prior knowledge about the dangerous condition to which he attributes his fall. Plaintiff accepted this burden by his verdict-directing instruction: "Your verdict must be for plaintiff if you believe: First, there was wet cardboard on the floor of defendant's dock and as a result the floor was not reasonably safe for deliverymen, and Second, plaintiff did not know and by using ordinary care could not have known of this condition, and * * *" The submissibility of plaintiff's case depends on whether the favorable evidence supports the essential elements of this verdict-directing instruction. Thaller v. Skinner & Kennedy Co., Mo., 315 S.W. 2d 124[1].

The plaintiff was the only witness on the liability issue. He had backed the rear end of his trailer up to the open door of the freight house preparing to unload numerous freight parcels. The trailer bed was a few inches higher than the freight house floor. It had been raining hard all day and rain was blowing into the freight house door as far as six or seven feet. Plaintiff noticed this and saw that on the floor of the area where rain was falling there were scattered pieces of wet cardboard, flat sheets several feet square, the nearest within inches of the trailer bed. Plaintiff began to unload. From inside the trailer he handed out parcels to defendant's checker, who stood at the freight house door loading the parcels onto a cart. The unloading took 45 minutes and plaintiff then stepped out of his trailer onto the

freight house floor. As his left foot touched the wet cardboard he slipped and fell, breaking his leg.

In cases such as this "it is only when the dangerous condition is known to the occupier or possessor of the premises and not known to the person injured, that a recovery is permitted." McClure v. Koch's Market, Mo.App., 433 S.W.2d 589 [2–5].

Plaintiff seeks to distinguish between his admitted knowledge of the "general condition" and his asserted lack of "appreciation of the danger," citing Russo v. Garrison, Mo.App., 357 S.W.2d 257. The defect in that case was a loose manhole cover. Although the cover did not fit tightly it did appear to be reasonably safe; in fact, as the defendant knew, the cover would tilt when stepped on. Those facts prompted the court to say: "That one has knowledge of the general condition from which the danger arose does not necessarily constitute knowledge and appreciation of the danger." We see no parallel here. The dangerous condition complained of was simply "wet cardboard on the floor of defendant's dock," the very condition plaintiff knew about.

Plaintiff argues that when he went into the trailer to begin unloading he didn't know how wet the cardboard was and realized its dangerous condition only when he left the trailer and stepped onto the wet cardboard. His testimony refutes this: "Q And can you describe the condition of this cardboard? A Well, it was just laying there in that pile and had been raining on it. It was real slippery * * * Q Now, did the cardboard appear any different from the time that you first observed it when you got there to the time that you fell? A No; it didn't look any different to me. I didn't pay too much attention to it * * * Q At the time you stepped on them they looked just like the first time you saw them? A Yes, I guess they did."

We find the evidence failed to show the essential element that plaintiff was unaware of the dangerous condition that caused his injury. The trial court properly entered judgment for the defendant. Judgment affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.